1  ROSEMARIE T. RING (State Bar No. 220769)
   rose.ring@mto.com
2  MARIANNA MAO (State Bar No. 318070)
   marianna.mao@mto.com
3  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
4  Twenty-Seventh Floor
   San Francisco, California 94105-2907
5  Telephone:     (415) 512-4000
   Facsimile:     (415) 512-4077
6
   JORDAN D. SEGALL (State Bar No. 281102)
7  jordan.segall@mto.com
   MUNGER, TOLLES & OLSON LLP
8  350 S. Grand Avenue, 50th Floor
   Los Angeles, California 90071
9  Telephone:     (213) 683-9208
   Facsimile:     (213) 687-3702
10
   *Attorneys for Defendant, Facebook, Inc*
11

12

13                  UNITED STATES DISTRICT COURT

14      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

15

16 | ROSEMARIE VARGAS, | Case No. 19-cv-05081-WHO
   | KISHA SKIPPER, JAZMINE |
17 | SPENCER, DEILLO RICHARDS, JENNY | **DEFENDANT FACEBOOK, INC.'S**
   | LIN, and JESSICA TSAI, on | **REQUEST FOR JUDICIAL NOTICE IN**
18 | behalf of themselves individually, and on | **SUPPORT OF MOTION TO DISMISS**
   | behalf of all others similarly situated, | **PLAINTIFFS' SECOND AMENDED**
19 | | **COMPLAINT**

20              Plaintiffs,       Judge:     Hon. William H. Orrick
                                  Date:      November 11, 2020
21         vs.                    Time:      2:00 p.m.
                                  Crtrm:     2 – 17th Floor
22  FACEBOOK, INC.,

23              Defendant.

24

25         Defendant Facebook, Inc. ("Facebook") respectfully requests that this Court take judicial

26 notice of the following documents attached as Exhibits A and B to the Declaration of Rosemarie

27 T. Ring ("Ring Declaration"), filed concurrently herewith in support of Facebook's Motion to

28 Dismiss Plaintiffs' Second Amended Complaint ("Motion"):

1.  Facebook's "Discriminatory Practices" subpage of its "Advertising Policies" webpage, attached as Exhibit A to the Ring Declaration.

2.  Facebook's "Advertising Policies" webpage, attached as Exhibit B to the Ring Declaration.

Facebook's Motion can and should be granted regardless of whether this Request is granted. But should the Court wish to consider the exhibits attached to the Request in resolving Facebook's Motion, such consideration is proper under Ninth Circuit law.

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12, a district court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Exhibits A and B attached to the Ring Declaration are Facebook's advertising policies. These are documents are publicly available and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  As matters of public record, they are appropriate subjects of judicial notice. *See, e.g.*, *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (taking judicial notice of Yahoo's Terms of Service, Privacy Policy, Global Communications Additional Terms of Service, and Yahoo Mail FAQ as they are "publicly accessible websites"); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010) (taking judicial notice of Xbox Live terms of use available online as they are "capable of accurate and ready determination").

Facebook respectfully requests that, pursuant to Federal Rule of Evidence 201, the Court take judicial notice of these documents.

DATED:  September 4, 2020                MUNGER, TOLLES & OLSON LLP


By:    */s/ Rosemarie T. Ring*
     ROSEMARIE T. RING
     Attorneys for Defendant Facebook, Inc.