Gerard V. Mantese (MI Bar # P34424)[*]
gmantese@manteselaw.com
David Honigman (MI Bar # P33146)[*]
dhonigman@manteselaw.com
Kathryn Eisenstein (MI Bar #P66371)[*]
keisenstein@manteselaw.com
**MANTESE HONIGMAN, P.C.**
1361 E. Big Beaver Road
Troy, MI 48083
Tel: 248-457-9200
Fax: (248)-457-9201

*\* Pro Hac Vice*

*Attorneys for Plaintiffs and Proposed Class Members*
[*Additional counsel on following page*]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSEMARIE VARGAS, KISHA SKIPPER, JAZMINE SPENCER, DEILLO RICHARDS, JENNY LIN, and JESSICA TSAI, on behalf of themselves individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACEBOOK, INC.<br><br>Defendant. | Case No. 3:19-cv-5081-WHO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT FACEBOOK INC.'S REQUEST FOR JUDICIAL NOTICE AND REQUEST TO STRIKE DECLARATIONS OF ROSEMARIE RING AND NICHOLAS WONG**<br><br>Judge: Hon. William H. Orrick<br>Date: November 11, 2020<br>Time: 2:00 p.m.<br>Crtrm: 2, 17th Floor |

Patricia A. Stamler (MI Bar #35905)[*]
pstamler@hertzschram.com
Elizabeth Thomson (MI Bar #53579)[*]
lthomson@hertzschram.com
Matthew Turchyn (MI Bar #76482)[*]
mturchyn@hertzschram.com
**HERTZ SCHRAM P.C.**
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
Tel: 248-335-5000
Fax: 248-335-3346

Michael D. Seplow, SBN 150183
mseplow@sshhzlaw.com
Wilmer Harris, SBN 150407
wharris@sshhzlaw.com
Aidan C. McGlaze, SBN 277270
amcglaze@sshhzlaw.com
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
11543 W. Olympic Blvd.
Los Angeles, CA  90064
Tel: 310-396-0731
Fax: 310-399-7040

*Attorneys for Plaintiffs and Proposed Class Members.*

I.   **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED.**

Defendant Facebook's request that this Court take judicial notice of evidentiary matters outside of the pleadings contravenes the well-established rule that a court should not consider evidence beyond the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). In this case, Facebook has submitted excerpts from its September 2020 advertising policies in a misguided attempt to argue it cannot be liable for housing discrimination which occurred *prior* to 2020 because its current written policies state that ads on Facebook should not be discriminatory. Facebook's attempt to rely on these policies—which Plaintiffs contend do not absolve Facebook for its role in perpetrating a nationwide segregated advertising market for housing—should be rejected.

Defendant relies on *U.S. v Ritchie*, 342 F. 3d 903, 908 (9th Cir. 2003) for the proposition that a party may consider certain documents such as those attached to the complaint or referenced in the complaint in ruling on a Rule 12(b) motion to dismiss without converting it into a motion for summary judgment. However, in *Ritchie*, the Ninth Circuit reversed the District Court's granting of a motion to dismiss where the trial court took judicial notice of various documents outside the complaint in ruling on a motion to dismiss. *Id.* at 909.

As in *Ritchie*, Facebook seeks this Court to take judicial notice of documents that were not attached to or incorporated by reference in the operative complaint. Moreover, given that this entire case hinges on a dispute as to whether Facebook engaged in discriminatory practices regarding housing advertising, it would be highly improper for this Court to consider Facebook's *current* written policies which are completely irrelevant to the substance of Plaintiffs' allegations. Under Plaintiffs' theory, Facebook knowingly created a segregated market for housing advertisements in which groups of people with certain protected characteristics were denied the opportunity to view housing ads. The fact that Facebook now, as part of a settlement in another case, has a written disclaimer saying that advertisers should not engage in discrimination has no bearing on the sufficiency of Plaintiffs' allegations in the operative complaint.

In rejecting the defendant's request for judicial notice under F.R.E. 201, the Court in *Ritchie* explained that a court may not take judicial notice of facts which are disputed. *Id.* at 908-09. *See also Rollins v. Dignity Health,* 338 F.Supp.3d 1025, 1031 (N.D. Cal. 2018) (internal quotations and citations

omitted) ("Courts cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed."); *see also McColgan v. Mutual of Omaha Ins. Co.*, 4 F.Supp.3d 1228, 1232 (E.D. Cal. 2014) (court declined to take judicial notice of marketing materials in ruling on motion to dismiss fraud claim where such materials were disputed and deemed "irrelevant"). Here, the core dispute centers on whether Facebook created an advertising system which violated the laws against housing discrimination by the implementation and use of its advertising platform which fostered a segregated marketplace for housing.[1] Accordingly, Facebook's current written policies which purport to prohibit discrimination should not be subject to judicial notice when such policies are limited by the allegations in the complaint.[2]

In *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018), the Ninth Circuit recently commented on the abuse of judicial notice in connection with motions to dismiss:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. *Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery*.

---

[1] The other cases cited by Facebook in support of its Request for Judicial Notice are readily distinguishable. In *In Re Yahoo Mail Litigation*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014), both parties requested judicial notice of various documents, including legislative materials, which were not opposed or in dispute. Moreover, the "terms of service documents" which were subject to judicial notice were attached to Plaintiffs' complaint and there was no opposition to the court taking judicial notice of them. *Datel Holdings Ltd. v. Microsoft Corp*., 712 F. Supp. 2d 974 (N.D. Cal, 2010) was an anti-trust case in which plaintiffs alleged that defendants created a monopoly by relying on a contractual right that was not knowingly given by consumers. Therefore, the court took judicial notice of these documents, whose contents were not in dispute, because the claim was based on the existence of these documents. *Id.* at 984. In contrast, in this case, Plaintiffs' claim is not dependent on the validity of Facebook's written policies but rather is based on the way that Facebook has established a segregated market for housing advertisements.

[2] Although Plaintiffs contend that the Court should not take judicial notice of Facebook's written policies when ruling on a motion to dismiss, it is worth noting that Facebook's policies indicate that Facebook must approve ads, which undermines its claim that Facebook is merely a passive actor with little control over how advertising is used on its platform. See Exhibit B to Ring Declaration at p. 1.

*Id.* at 998. (emphasis added). Here, the extrinsic documents submitted by Facebook cannot be used to resolve a factual dispute at this stage of the litigation. Plaintiffs contend that prior to 2020, Facebook created and maintained a segregated market for housing advertising. Facebook's current written policies which purport to prohibit discrimination are simply irrelevant to a determination at the pleadings stage as to whether Plaintiffs have proffered viable claims against Facebook. Accordingly, Facebook's Request for Judicial Notice should be denied.

## II.     THE DECLARATIONS OF ROSEMARIE RING AND NICHOLAS WONG SHOULD BE STRICKEN.

As argued above, this Court should deny Facebook's Request for Judicial Notice of its current advertising policies, and consequently, it should also strike the declaration of defense counsel Rosemarie Ring to which such policies were attached as Exhibits A and B.

Moreover, Facebook also submitted the declaration of its employee Nicholas Wong, which purports to make factual representations about the New York Plaintiffs' access to Facebook and attaches the sign-up screens and terms of service for these Plaintiffs, in a misguided effort to show that these Plaintiffs cannot assert claims under New York law.  Facebook did not ask the Court to take judicial notice of the Wong declaration and exhibits. Nonetheless, for the reasons set forth above, it would be improper for the Court to consider this extrinsic evidence when ruling on Facebook's Rule 12(b)(6) motion to dismiss which merely tests the legal sufficiency of the complaint.

Accordingly, both the Wong and Ring declarations should be stricken and not considered by this Court in ruling on the pending motion to dismiss.

Dated:  October 2, 2020                                Respectfully Submitted,

**MANTESE HONIGMAN, P.C.**
**HERTZ SCHRAM PC**
**SCHONBRUN SEPLOW HARRIS**
**HOFFMAN & ZELDES LLP**


By:     s/ Gerard V. Mantese
        Gerard V. Mantese
        David Honigman
        Kathryn Eisenstein
        *Attorneys for Plaintiffs/Proposed Class Members.*