ROSEMARIE T. RING (State Bar No. 220769)
rose.ring@mto.com
MARIANNA MAO (State Bar No. 318070)
marianna.mao@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone:   (213) 683-9208
Facsimile:    (213) 687-3702

*Attorneys for Defendant, Facebook, Inc*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSEMARIE VARGAS, KISHA SKIPPER, JAZMINE SPENCER, DEILLO RICHARDS, JENNY LIN, and JESSICA TSAI on behalf of themselves individually, and on behalf of all others similarly situated,,<br><br>Plaintiffs,<br><br>vs.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 19-cv-05081-WHO<br><br>**DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND OPPOSITION TO REQUEST TO STRIKE**<br><br>Judge:  Hon. William H. Orrick<br>Date:   November 18, 2020<br>Time:   2:00 p.m.<br>Crtrm:  2 – 17th Floor |

I. **FACEBOOK'S REQUEST FOR JUDICIAL NOTICE SHOULD BE GRANTED**

In support of its motion to dismiss the Second Amended Complaint ("SAC"), Facebook sought judicial notice of Facebook's advertising policies, which are publicly available documents posted prominently on Facebook's website. *See* ECF No. 65 ("RJN"). While the SAC should be dismissed with prejudice regardless of whether the Court takes judicial notice of the specified materials, Plaintiffs' opposition, ECF No. 70 ("Opp."), to Facebook's narrow RJN is meritless.

Plaintiffs argue that Facebook's advertising policies were not incorporated by reference in the SAC. Opp. at 1. But Facebook is not seeking judicial notice of the policies based on the incorporation-by-reference doctrine, but rather because the facts contained in the policies satisfy the criterion set forth in Federal Rule of Evidence 201(b)(2): they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Here, the fact for which Facebook seeks judicial notice—that Facebook's written advertising policies prohibit discrimination by advertisers, including discriminatory targeting—can be "accurately and readily determined" from public webpages whose accuracy cannot be disputed.

First, Plaintiffs argue that this fact *is* disputed because "the core dispute" in the case "centers on whether Facebook created an advertising system which violated the laws against housing discrimination." Opp. at 2. But that is irrelevant. The parties dispute the *legal issue* whether Facebook's advertising system violated antidiscrimination laws, which should be resolved at the pleading stage for the reasons set forth in Facebook's motion to dismiss. But no party can reasonably dispute the *fact* that Facebook's publicly-available advertising policies prohibit discrimination by third-party advertisers, which is what Facebook requests by judicially notice.

Next, Plaintiffs argue that that "Facebook's current written policies" are irrelevant because their claims are for "housing discrimination which occurred prior to 2020." Opp. at 1–2. That argument goes to the merits of Facebook's motion to dismiss, not to the RJN. It is also untrue. At minimum, Facebook's current policies are relevant to Plaintiffs' allegations that they are entitled to injunctive relief. *See, e.g.*, SAC ¶ 3 ("although Facebook has agreed to change its practices, there is no guarantee it will continue to comply in the future, which therefore warrants that Facebook be

enjoined from ever again operating a segregated housing marketplace through its advertising platforms.").

In any case, Plaintiffs do not and cannot allege that Facebook's advertising policies formerly permitted discriminatory targeting—because they did not.  Facebook's policies have always prohibited discriminatory targeting by advertisers in the relevant time period.  For example, identical prohibitions appeared in policies for which Facebook sought judicial notice in May 2017 in support of a motion to dismiss an earlier lawsuit alleging discriminatory advertising based on the same audience targeting tools at issue here.[1]

## II. THERE IS NO BASIS TO STRIKE THE RING AND WONG DECLARATIONS

Plaintiffs ask the Court to strike the Declarations of Rosemarie T. Ring (ECF No. 66) and Nicholas Wong (ECF No. 67) in their entirety.

The Ring Declaration simply attached the two advertising policies for which Facebook sought judicial notice.  Because judicial notice is warranted for the reasons described above, there is no basis for striking the supporting declaration.

The Wong Declaration does not attempt to disprove any of Plaintiffs' allegations of fact.  Rather, it states judicially noticeable facts that describe the circumstances under which the New York plaintiffs signed up for Facebook accounts and used the service, as the SAC itself pleads.  *See* SAC ¶¶ 29–38.  These facts simply confirm that Plaintiffs agreed to California choice-of-law provisions, both at sign-up and also through their continued use of the Facebook service.  *See* Mot. at 28.  Notably, Plaintiffs never dispute any of the facts in the Wong Declaration, either in their opposition to the motion to dismiss or their opposition to the RJN.  Plaintiffs do not assert that Facebook is wrong about the registration dates and usage histories reflected in the Declaration, or suggest that this information cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Instead of arguing that

---

[1] *See* Defendant Facebook, Inc.'s Request For Judicial Notice In Support Of Motion To Dismiss, *Mobley, et al. v. Facebook, Inc., et al.*, No. 5:16-cv-06440-EJC (April 3, 2017), ECF No. 34-1, and Exhibit A to Declaration of Rosemarie T. Ring In Support Of Motion To Dismiss, *Mobley, et al. v. Facebook, Inc., et al.*, No. 5:16-cv-06440-EJC (April 3, 2017), ECF No. 34-2.

1  Facebook has its facts wrong, Plaintiffs' opposition to Facebook's motion argues only that the Terms
2  were insufficiently highlighted at sign-up.  ECF No. 69 at 24–25.  The Court may therefore take
3  judicial notice of the judicially noticeable and undisputed facts in the Wong Declaration that the
4  New York plaintiffs agreed to Facebook's Terms, including the California choice-of-law provision.

DATED:  October 29, 2020                MUNGER, TOLLES & OLSON LLP


                                        By:      */s/ Rosemarie T. Ring*
                                              ROSEMARIE T. RING
                                            Attorneys for Defendant Facebook, Inc.