ROSEMARIE T. RING (State Bar No. 220769)
rose.ring@mto.com
MARIANNA MAO (State Bar No. 318070)
marianna.mao@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone:     (213) 683-9208
Facsimile:     (213) 687-3702

*Attorneys for Defendant, Facebook, Inc*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSEMARIE VARGAS, KISHA SKIPPER, JAZMINE SPENCER, DEILLO RICHARDS, JENNY LIN, and JESSICA TSAI, on behalf of themselves individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 19-cv-05081-WHO<br><br>**DEFENDANT FACEBOOK, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>Judge:   Hon. William H. Orrick<br>Date:    June 9, 2021<br>Time:    2:00 p.m.<br>Crtrm:   2 – 17th Floor |

Defendant Facebook, Inc. ("Facebook") respectfully requests that this Court take judicial notice of the following documents attached as Exhibits A–D to the Declaration of Rosemarie T. Ring ("Ring Declaration"), and Exhibits A–G to the Declaration of Nicholas Wong ("Wong Declaration"), filed concurrently herewith in support of Facebook's Motion to Dismiss Plaintiffs' Third Amended Complaint ("Motion"):

1. Facebook's "Discriminatory Practices" subpage of its "Advertising Policies" webpage, attached as Exhibit A to the Ring Declaration.
2. Facebook's "Advertising Policies" webpage, attached as Exhibit B to the Ring Declaration.
3. Screenshots of the Facebook Marketplace, attached as Exhibits C and D to the Ring Declaration.
4. Screenshots of Facebook's user sign-up screens that existed at the time the New York Plaintiffs registered for Facebook, attached as Exhibits A, C, and E to the Wong Declaration.
5. Facebook's past terms of service that existed at the time the New York Plaintiffs registered for Facebook, attached as Exhibits B, D, and F to the Wong Declaration.
6. Facebook's terms of service effective as of February 4, 2009, attached as Exhibit G to the Wong Declaration.
7. Facebook's present terms of service, attached as Exhibit H to the Wong Declaration.

Facebook's Motion can and should be granted regardless of whether this Request is granted. But should the Court wish to consider the exhibits attached to the Request in resolving Facebook's Motion, such consideration is proper under Ninth Circuit law.

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12, a district court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

1    Exhibits A and B attached to the Ring Declaration are Facebook's advertising policies. Exhibits C and D to the Ring Declaration are screenshots of Facebook Marketplace, a publicly accessible webpage. Exhibits A, C, and E attached to the Wong Declaration are Facebook's home page as it appeared in the past, and Exhibits B, D, F, G, and H attached to the Wong Declaration are Facebook's past and present terms of service. These are all documents that are publicly available and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). As matters of public record, they are appropriate subjects of judicial notice. *See, e.g.*, *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (taking judicial notice of Yahoo's Terms of Service, Privacy Policy, Global Communications Additional Terms of Service, and Yahoo Mail FAQ as they are "publicly accessible websites"); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983–84 (N.D. Cal. 2010) (taking judicial notice of Xbox Live terms of use available online as they are "capable of accurate and ready determination").

Exhibits A–G to the Wong Declaration were all obtained from the Internet Archive's "Wayback Machine," a website that is publicly accessible at https://archive.org/web/. Wong Decl. ¶¶ 7, 10, 15, 17, 22, 24, 28. "Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (Donato, J.); *see also Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at *1 n.1 (N.D. Cal. June 25, 2014) (Koh, J.) (taking judicial notice of Internet Archive version of website because plaintiff incorporated website by reference into complaint); *Marten Transport, Ltd. v. Plattform Advert., Inc.*, 2016 WL 1718862, at *3 (D. Kan. Apr. 29, 2016) (listing "various cases, which in turn cite other cases, in which courts have taken judicial notice of sites from the Internet Archive while noting that other courts commonly take judicial notice of such sites").

Facebook respectfully requests that, pursuant to Federal Rule of Evidence 201, the Court take judicial notice of these documents.

| | | |
|---|---|---|
| DATED: April 2, 2021 | | MUNGER, TOLLES & OLSON LLP |
| | By: | _/s/ Rosemarie T. Ring_ |
| | | ROSEMARIE T. RING |
| | | Attorneys for Defendant Facebook, Inc. |